```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Allen Rheaume,                    :
    Plaintiff,                :
                            :
   v.                             :   File No. 1:06-CV-13
                            :
Robert Hofmann, Raymond           :
Flum, Sandra Olberg,              :
Richard Byrnes, Jay Simons,       :
Keith Tallon, Lynn Roberto,       :
Sue Blair, Ruthie Holmes,         :
    Defendants.               :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 12)

Plaintiff Allen Rheaume, a former Vermont inmate proceeding *pro se*, claims that the defendants violated his constitutional rights by failing to abide by the terms of his state court plea agreement. Specifically, Rheaume alleges that the agreement, which was accepted by the trial court, allowed for immediate release and outpatient sex offender counseling. Instead of immediate release, however, Rheaume allegedly spent over 18 months in prison and was required to participate in rehabilitative programming as a condition of release.

The defendants have moved to dismiss (Paper 12), arguing, *inter alia*, official capacity immunity, qualified immunity, and failure to allege a physical injury. In support of their qualified immunity claim,

the defendants argue that since furlough and programming decisions are discretionary, Rheaume has failed to state a constitutional violation.  The defendants also contend that Rheaume brought identical claims in a state court petition, and that a stipulated dismissal of that petition with prejudice renders his claims barred by *res judicata* and collateral estoppel.  For the reasons set forth below, I recommend that the defendants' motion to dismiss be GRANTED, and that this case be DISMISSED.

### Factual Background

For purposes of the pending motion to dismiss, the allegations in the complaint will be accepted as true. On June 14, 2004, Rheaume entered into a plea bargain calling for a sentence of 55 days to life, "all suspended except 55 days to 21 months to serve."  (Paper 4 at 2).  The agreement also provided for Rheaume's participation in outpatient sex offender counseling as a condition of probation.

On July 14, 2004, the Franklin County District Court accepted Rheaume's guilty plea and the conditions set forth in his plea agreement.  He was subsequently sentenced, and given credit for 55 days served.  The

sentence was imposed consecutive to an existing sentence of 2 to 5 years.[1]  (Paper 19-3 at 1).  The prior sentence had a maximum release date of May, 2005.  (Paper 18 at 1).  At a pre-trial hearing in state court, Rheaume, his attorney, and the Court discussed the possibility that Rheaume would be released into the community and that he would undergo outpatient counseling.

    Mr. Rheaume: The thing – the plea bargain says on the street program.

    Court: I'm sorry, I'm not able to hear you.

    Mr. Rheaume: The plea bargain said programming on the street.

    Court: Yeah.  It says outpatient sex offender counseling treatment.

    Mr. Rheaume: I agreed to that.

    Court: Yeah.  Okay.  And I gather – how much credit does the defendant – he has credit for fifty-five days, --

    Defense Counsel: Yes.

    Court: – so he should be eligible for furlough or parole.

    Defense Counsel: That's our belief, Your Honor.

---

[1] In an amended mittimus dated September 28, 2004, the state court indicated that the sentence was concurrent to the previously imposed sentence, and that the length of the suspended sentence was 55 days to 24 months.  (Paper 19-3 at 7).

```
He's – this is a consecutive sentence to an existing
sentence, and he's past his minimum on that.  He was
actually on FSU at the time of this.  So we anticipate
that he should be eligible for condition reentry.
```

(Paper 19-2 at 17).

Once placed in the custody and control of the DOC, Rheaume was not placed on furlough immediately.  On February 25, 2005, he filed a petition in state court complaining that instead of a 55 day minimum, the DOC had misstated his minimum as being 24 months.  (Paper 19-2 at 1-5; Paper 19-3 at 17).  In an order dated September 9, 2005, Superior Court Judge Geoffrey Crawford discussed Rheaume's situation:

> Petitioner's original concern was that the Department of Corrections had mistakenly identified his minimum sentence as 24 months instead of 55 days.  This problem has now been solved.  The DOC records now show that Mr. Rheaume's minimum sentence is 55 days.
>
> A related issue surfaced during this case which was whether the DOC was complying with the probation condition that Mr. Rheaume receive programming outside of the institution.  At the hearing, the DOC's counsel made it clear that programming while on furlough release has always been contemplated for Mr. Rheaume.  In addition, the DOC decided that Mr. Rheaume should complete in-house programming through the Cognitive Self-Change Program before he became eligible for furlough.  He is presently participating in this program and should complete this requirement for furlough release by October 12, 2005.  (This is not the only

> furlough requirement, of course, and he must meet the DOC's other requirements before he becomes eligible.)
>
> Counsel agreed with Mr. Rheaume's approval that this case will be set for status conference in 45 days. It is likely that Mr. Rheaume will satisfy all requirements for furlough release and be returned to the community before that date. If that happens, counsel will submit a stipulation of dismissal.

(Paper 19-5) (parenthetical in original). On February 3, 2006, counsel for Rheaume and the State jointly submitted a stipulation of dismissal, stating that the petition "may be dismissed by the Court with prejudice as Plaintiff is no longer incarcerated." (Paper 19-7).

Rheaume now contends that "[t]he State of Vermont Department of Corrections and its employees never came into compliance" with the terms of his plea agreement. (Paper 4 at 2). Instead of being released immediately, or at the end of his prior sentence in May, 2005, Rheaume was not released until December, 2005, after completion of the Cognitive Self-Change program. He claims that this delay violated his constitutional rights. "When the Vt. D.O.C. instructed the plaintiff to do Cognitive Self Change program as an in-house program and a prerequisite to the plaintiff's outpatient

5

sex offender condition of probation, the Vt. D.O.C. denied the plaintiff a liberty interest." (Paper 18 at 2). For relief, Rheaume seeks compensatory and punitive damages.

The defendants have moved to dismiss, arguing that Rheaume had no constitutional right to either furlough or programming. The defendants also argue that official capacity claims are barred by the Eleventh Amendment, and that Rheaume cannot collect damages without a showing of physical injury. In their reply memorandum, the defendants also assert that the dismissal of Rheaume's state court petition bars this Court from considering the merits of his claims.

## Discussion

I.  Motion to Dismiss Standard

On a motion to dismiss, "a court has to consider the legal sufficiency of the claim as stated in the complaint and is not to weigh facts underlying the claim or the merits of the case." Esden v. Bank of Boston, 5 F. Supp. 2d 214, 216 (D. Vt. 1998) (citing Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985)). "In ruling on such a motion, the court must look only to the

allegations in the complaint and any documents attached to or incorporated by reference in the complaint." Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999).  Morever, the court must assume all well-pleaded factual allegations to be true and draw reasonable inferences in the light most favorable to the plaintiff.  See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is impermissible unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Flores v. S. Peru Copper Corp., 343 F.3d 140, 148 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II.  Official Capacity Claims

The defendants first argue that Rheaume's claims are barred by virtue of their immunity from suit in their official capacities.  Under the doctrine of sovereign immunity, the Eleventh Amendment bars suits by private citizens against a state or its agencies in federal court unless the state has waived its immunity or Congress has properly abrogated that immunity.  See

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996). The protection of the Eleventh Amendment also extends to suits for monetary damages against state officers sued in their official capacities. See Brandon v. Holt, 469 U.S. 464, 471 (1985). Moreover, the Supreme Court has held that, just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them. See Hafer v. Melo, 502 U.S. 21, 27 (1991).

With respect to this case, it is clear that neither Vermont nor Congress has waived the sovereign immunity that protects the defendants from a damages action brought against them in their official capacities. There is no indication in 42 U.S.C. § 1983 that Congress intended to abrogate state sovereign immunity, and the Supreme Court has specifically held that Congress did not intend to override well-established immunities such as state sovereign immunity when it enacted § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 67

(1989).  It is equally clear that Vermont has not waived its sovereign immunity under § 1983.  See 12 V.S.A. § 5601(g) (Vermont Tort Claims Act reserves Eleventh Amendment immunity for all claims not explicitly waived).

Rheaume is seeking compensatory and punitive damages.  Consequently, to the extent that the defendants are being sued in their official capacities, they are protected by the State of Vermont's sovereign immunity and the claims against them should be DISMISSED.

III.  Failure to Comply With Plea Agreement

The claims against the defendants in their individual capacities should also be dismissed.  Rheaume alleges that his rights were violated because "the Commissioner of the Vermont Department of Corrections, Defendant Robert Hoffmann [sic] never honored the court's agreement with the plaintiff . . . ."  (Paper 4 at 4).  Even if the Court assumes, for the sake of argument, that Rheaume had a liberty interest in an immediate furlough and outpatient counseling, his suit for damages should be dismissed.

It is well settled that the only remedies available for breach of a plea agreement are specific performance and an opportunity to withdraw the plea.  See I-95-CV-5553-P1 v. I-95-CV-553-D1, 75 F.3d 135, 136-37 (2d Cir. 1996) (dismissing monetary relief because such relief is not available for breach of plea agreement); United States v. Bohn, 959 F.2d 389, 391 (2d Cir. 1992) ("When a plea bargain . . . has not been honored, the remedy is either to enforce the bargain or to afford the defendant an opportunity to vacate the guilty plea."); United States v. Alexander, 869 F.2d 91, 94 (2d Cir. 1989) ("It is now well settled that, when the government breaches a plea agreement, a defendant's remedy is either specific performance or an opportunity to withdraw his guilty plea."); see also Santobello v. New York, 404 U.S. 257, 262-63 (1971).  Accordingly, because Rheaume is seeking compensatory and punitive damages for the defendants' alleged failure to abide by the terms of his plea agreement, his claims should be DISMISSED.

Furthermore, "the Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should

be brought in the courts in which they were negotiated and executed." Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001) ("'The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide' on the appropriate relief") (quoting Santobello, 404 U.S. at 263).  In this case, Rheaume brought his complaints before the state courts.[2]  The Franklin County Superior Court addressed the issues, determined that furlough was within the discretion of the DOC, and encouraged Rheaume to complete his Cognitive Self-Change program.  Rheaume did so, was subsequently released from prison, and his petition was dismissed by stipulation with prejudice. While Supreme Court precedent dictates that this Court should abstain from granting any further relief, the Court expresses no opinion as to whether Rheaume may obtain other relief in a state court proceeding.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 12) be GRANTED,

---

[2] In addition to the petition in Franklin Superior Court, Rheaume allegedly filed an identical claim in Windsor County.  (Paper 19-1 at 2 n.1).  This claim was dismissed by Rheaume's attorney without prejudice. (Paper 19-4).

11

and that this case be DISMISSED.

    Dated at Burlington, in the District of Vermont, this 11th day of October, 2006.

                                       /s/ Jerome J. Niedermeier
                                       Jerome J. Niedermeier
                                       United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).